**George W. RANEY, Appellant,**

v.

**H. B. ZACHRY COMPANY, Appellee.**

No. 12980.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 11, 1956.

David R. White, Uvalde, for appellant.

Eskridge, Groce & Hebdon, San Antonio, for appellee.

POPE, Justice.

George W. Raney, plaintiff below, sued H. B. Zachry Company, a corporation, for actual and exemplary damages for harm done to a ranch house and ranch fences while the corporation was erecting an electric transmission line. The corporation was trespassing upon Raney's lands and caused the damages after Raney ordered its employees off his property. In answer to special issues, the jury awarded $500 actual damages and $500 as exemplary damages caused by blasting operations. The trial court gave judgment for the actual damages but disregarded the verdict for the punitive damages. The plaintiff complains of error in denying him exemplary damages. The legal question presented by the appeal is whether there was any evidence that the persons who did the damage were corporate vice-principals of the class that can bind a corporation for exemplary damages.

Fort Worth Elevators Co. v. Russell, 123 Tex. 128, 70 S.W.2d 397, 406, settles the law of Texas concerning corporate liability for exemplary damages. See also, Morton Salt Co. v. Wells, 123 Tex. 151, 70 S.W.2d 409; Southwestern Gas & Electric Co. v. Stanley, 123 Tex. 157, 70 S.W.2d 413. Concerning the classes of the agents who can bind a corporation for exemplary as distinguished from actual damages, the Russell case states:

"Formerly corporations could not be held liable in damages for torts. This rule, however, has been abandoned, and

such liability is now unquestionable. This liability arises out of the acts of two different classes of corporate agents, namely, servants and vice-principals, one of whom is charged with and performs the duties of a servant, and the other exercises the power or performs the duties of a master. * * *

"Using the term 'vice principal' as embracing the four classes of corporate agents heretofore referred to: (a) Corporate officers; (b) those who have authority to employ, direct, and discharge servants of the master; (c) those engaged in the performance of non-delegable or absolute duties of the master; and (d) those to whom a master has confided the management of the whole or a department or division of his business, an examination of the authorities cited will disclose that the basic reason for holding a corporation liable in *actual damages* for the negligence of a *vice principal*, is identical with the requirement for the recovery of *exemplary damages* for gross neglect, namely, that the act must be the *act of the corporation*, instead of the act of a servant."

Exemplary damages were sought by reason of setting off dynamite charges. Other damages may have been caused by bulldozer operations, but the issue submitted to the jury without objection pertained only to the blasting operations. None of the persons required by the Russell case authorized or ratified the blasting operations. An employe by the name of Barber testified that he was the "powder man," and the only one who handled the dynamite. He stated that he discussed the danger of damages to ranch fences with Mr. Roten, his "line foreman." Roten told Barber, "the line had to go down and to go ahead and go to work." That Roten made this single order to blast is established, but whether he was a corporate vice-principal of the class that can bind the corporation was not proved. There is no effort to explain the extent of Roten's powers as a "line foreman." On the contrary, the evidence shows that there was another kind of foreman on the job. H. Q. Hail, another employee, was the "foreman in charge of clearing." The nature of his powers are not otherwise explained, except that his operations were performed ahead of those done by the pole stringing crew. The dynamiting was done after Hail cleared the way. The extent of Roten's corporate powers is not revealed and Hail, from this record, either did not have any powers concerning the blasting or at least was in no way connected with it.

Appellant cites Anderson Furniture Co. v. Roden, Tex.Civ.App., 255 S.W.2d 345, 355, in support of the proposition that the corporation was liable for exemplary damages. In that case full and exhaustive evidence was presented to prove that the acts complained about were authorized by one who was in charge of one of the corporation's departments. The case, rather than supporting appellant's position, stands out in contrast to the present case, wherein Roten's powers are not explained at all, other than the fact that he was one of several kinds of foremen on the job. Whether he was in charge of a branch or department or subordinate to someone else and whether he could hire, fire, approve or ratify acts is not demonstrated.

The judgment is affirmed.